IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 1:23-cv-00118

MEDICAL SEARCH CONSULTANTS LLC,

    Plaintiff,

v.

PASTURE GATE HOLDINGS, INC., PYXIS NYF LLC, MICHAEL ROBERT DUNMIRE, and DENISE MARIE DUNMIRE,

    Defendants.

**MOTION TO SEAL**

Plaintiff Medical Search Consultants LLC ("MSC") by and through its undersigned counsel and pursuant to Local Civil Rules 6.1 and 7.1(c) for the Western District of North Carolina, hereby moves this Court for leave to file under seal the following documents filed in support of its Motion for Temporary Restraining Order [DE 5] as exhibits to the Declaration of Nadia Gruzd [DE 7]:

    **Exhibit 1:** Franchise Agreement between Medical Search Consultants LLC and Pasture Gate Holding, LLC, dated September 18, 2020 (the "Franchise Agreement").

    **Exhibit 14:** Spreadsheet of Medical Search Consultants LLC's Confidential Data (the "Confidential Data").

The grounds for this motion are that the contents of the Franchise Agreement contain confidential business information and the document should be <u>permanently</u> sealed. In <u>In re Knight Publishing Co.</u>, 743 F.2d 231 (4th Cir.1984), the Fourth Circuit established a set of procedures which must be followed when a district court seals judicial records or documents. Because Plaintiff has not submitted this exhibit in connection with a dispositive motion, the First Amendment right of public access does not apply. See <u>In re Policy Mgmt. Sys. Corp.</u>, 67 F.3d 296

1

(4th Cir. Sept. 13, 1995) (table). As such, this exhibit "[is] subject to a common law right of access by the public." Boykin Anchor Co. v. Wong, No. No. 5:10-cv-00591-FL, 2013 U.S. Dist. LEXIS 63345, at *2 (E.D.N.C. May 3, 2013) (citing Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178 (4th Cir. 1988)).

The common-law right of access to court documents may be overcome when "'countervailing interests heavily outweigh the public interest in access.'" Boykin Anchor, at *2 (quoting Va. Dep't of State Police v. The Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004)). One such countervailing interest sufficient to overcome the common-law right of access is a party's right to protect confidential business information. 360 Mortg. Grp., LLC v. Stonegate Mortg. Corp., No. 5:14-CV-00310-F, 2016 WL 4939308, at *1, 2016 U.S. Dist. LEXIS 124469, at *3 (E.D.N.C. Sept. 14, 2016) ("[T]he need to keep proprietary business information confidential is often a sufficiently compelling justification for sealing judicial documents."); see also, e.g., Morris v. Cumberland Cnty. Hosp. Sys., Inc., No. 5:12-CV-629-F, 2013 WL 6116861 at *3, 2013 U.S. Dist. LEXIS 165063 at *8 (E.D.N.C. Nov. 13, 2013) (observing that "the need to keep confidential proprietary business information or trade secrets may constitute a 'higher value' that can overcome both the common law and the First Amendment rights of access in appropriate circumstances"); Minogue v. Modell, 2011 WL 1308553, *4, 2011 U.S. Dist. LEXIS 33767, *12 (D. Md. 2011) ("Tax returns frequently are protected from public disclosure.").

Here, the Franchise Agreement includes confidential proprietary business information about Plaintiff's business practices, including but not limited to its compensation schedule for franchisees, terms of its agreements with its franchisees, and other sensitive financial and business information. The Franchise Agreement itself identifies its terms and conditions as confidential. Franchise Agreement at 1.44.

2

Case 1:23-cv-00118-MR-WCM   Document 10   Filed 05/08/23   Page 2 of 3

Likewise, proposed sealed Exhibit 14 contains confidential, proprietary business information such as Plaintiff's customers, their hiring needs, and compensation preferences. This information, gleaned from Plaintiff's customer relationship management database and applicant tracking system contains precisely the type of information Plaintiff maintains as confidential data and trade secrets. See First Amended Verified Complaint ¶30.

While redaction is possible in each document, and is required under the Administrative Procedures Governing Filing and Service by Electronic Means for this district, redaction would render resulting documents meaningless.

WHEREFORE, MSC respectfully requests that the Court enter an Order allowing that the aforementioned document to be filed and permanently retained under seal.

Date:   May 8, 2023               Respectfully submitted,

/s/ Daniel T. Blue, III
Daniel T. Blue, III

/s/ Dhamian A. Blue
Dhamian A. Blue
BLUE LLP
205 Fayetteville St., Suite 300
Raleigh, North Carolina 27601
dab@bluellp.com
dtb3@bluellp.com
Tel: 919-833-1931
Fax: 919-833-8009
N.C. Bar No. 31405 [DAB]
N.C. Bar No. 27720 [DTB]