IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00118-MR-WCM

| | |
|---|---|
| MEDICAL SEARCH CONSULTANTS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **O R D E R** ) |
| PASTURE GATE HOLDINGS, INC., PYXIS NYF LLC, MICHAEL ROBERT DUNMIRE, and DENISE MARIE DUNMIRE, | ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal. [Doc. 10].

The Plaintiff moves for leave to file under seal certain exhibits related to its motion for temporary restraining order. [Doc. 10]. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by

showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff's motion was filed on May 8, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that the exhibits at issue contain confidential business information and that the public's right of access to such information is

substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of these exhibits is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 10] is **GRANTED**, and Exhibit 1 and Exhibit 14 [Docs. 8, 9] to the Plaintiff's Motion for Temporary Restraining Order shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 10, 2023

Martin Reidinger
Chief United States District Judge