IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00118-MR-WCM

| | |
|---|---|
| MEDICAL SEARCH CONSULTANTS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) **O R D E R** ) |
| PASTURE GATE HOLDINGS, INC., PYXIS NYF LLC, MICHAEL ROBERT DUNMIRE, and DENISE MARIE DUNMIRE, | ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Temporary Restraining Order [Doc. 5].

The Plaintiff Medical Search Consultants LLC ("MSC") initiated this civil action on May 3, 2023. On May 8, 2023, MSC filed a Verified Amended Complaint, seeking injunctive relief, damages, and other relief against Defendants Pasture Gate Holdings, Inc. ("Pasture Gate"), Pyxis NYF LLC ("Pyxis"), Michael Robert Dunmire, and Denise Marie Dunmire (collectively, "Defendants") for breach of contract, particularly certain noncompetition, non-disclosure, and non-solicitation obligations that Defendants (excluding Pyxis) entered into before and during the operation of their franchise

agreement with MSC, and their actual and threatened misappropriation of trade secrets. [Doc. 4]. MSC seeks an order requiring those Defendants to, *inter alia*, immediately cease the operation of a business whose principals work in direct competition with MSC, cease disclosing and/or using MSC's confidential information and trade secrets, and otherwise abide by the express terms of the Defendants' Franchise Agreement and related contracts with MSC. [Id.]. MSC also seeks injunctive relief and damages from Defendant Pyxis for the unauthorized use of MSC's trademark. [Id.].

Along with the Amended Complaint, MSC filed the present motion for the entry of a temporary restraining order ("TRO") that immediately: (1) restrains and enjoins Defendants Michael Dunmire, Denise Dunmire, and Pasture Gate from misappropriating or otherwise disclosing the Plaintiff's confidential information and trade secrets; (2) restrains and enjoins the Defendants from rendering any services to the Plaintiff MSC's competitors including, but not limited to Pyxis and i4 Search Group LLC for a period of two years, as required by the Franchise Agreement; (3) restrains and enjoins Defendant Pyxis from using MSC's ALL MEDSEARCH trademark; (4) requires that the Defendants preserve all information currently stored on their personal computer(s) or other computer(s) over which Defendants have possession, custody, or control, and any personal digital assistant or mobile

device, including any information stored on backup media, and that the Defendants produce an image of the hard drive(s) from any and all computers and/or mobile devices which the Defendants have used since September 15, 2020; (5) requires that the Defendants preserve all e-mails, whether on a computer or mobile device under their control, on Pyxis' computer(s), or on an internet mail server related to any work for or with i4 Search Group, Superior Talent, and/or Pyxis; and (6) enjoins Defendants Michael Dunmire, Denise Dunmire, and Pasture Gate from otherwise violating the terms of the Franchise Agreement and related contracts. [Doc. 5]. The TRO motion is supported by a memorandum of law [Doc. 6]; the Verified Amended Complaint [Doc. 4]; and the Declaration of Nadia Gruzd and various exhibits thereto [Docs. 7, 8, 9].

The Court may issue a temporary restraining order without notice to the adverse party only if: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). To obtain temporary injunctive relief, a plaintiff must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer

3

irreparable harm in absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) injunctive relief is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Thus, in each case the Court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). A plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

Upon careful review of the pleadings, the Court finds and concludes that the Plaintiff has established that it is likely to succeed on the merits on its claims of trademark infringement related to the use of the ALL MEDSEARCH trademark, misappropriation of confidential information and trade secrets,[1] and breach of contract, insofar as such claim is based on allegations of trademark infringement and misappropriation of trade secrets. The Court further finds and concludes that the Plaintiff is likely to suffer irreparable harm in absence of preliminary relief; that the balance of equities

---

[1] The Plaintiff identifies in its filings the following categories of confidential information and trade secrets at issue: a Recruiter Training Manual, a Brand Standards Manual, a customized customer relationship management database, and an applicant tracking system. [Doc. 6 at 21-22].

4

tips in its favor; and that an award of temporary injunctive relief is in the public interest.[2] In all other respects, the motion for a temporary restraining order is denied.

The Court finds that the burden imposed on the Defendants by this Temporary Restraining Order is not great and therefore the posting of a nominal bond is sufficient.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Temporary Restraining Order [Doc. 5] is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) The Motion is **GRANTED** to the extent that Defendants Michael Dunmire, Denise Dunmire, and Pasture Gate are hereby **RESTRAINED** and **ENJOINED** from misappropriating or otherwise disclosing MSC's confidential information and trade secrets in the form of MSC's Recruiter Training Manual, Brand Standards Manual, and customized customer relationship management database and applicant tracking system;

---

[2] In granting such relief, the Court expresses no opinion regarding the merits of the Plaintiff's claims or the propriety of the entry of a preliminary injunction should one be sought in this case.

(2) The Motion is **GRANTED** to the extent that Defendant Pyxis is hereby **RESTRAINED** and **ENJOINED** from using MSC's ALL MEDSEARCH trademark;

(3) The Motion is **GRANTED** to the extent that The Defendants shall preserve all information in any way related to the parties in this case or the claims herein, directly or indirectly, that is currently stored on their personal computer(s) or other computer(s) over which the Defendants have possession, custody, or control, and any personal digital assistant or mobile device, including any information stored on backup media; and

(4) The Motion is **GRANTED** to the extent that the Defendants shall preserve all e-mails, whether on a computer or mobile device under their control, on Pyxis' computer(s), or on an internet mail server related to any work for or with i4 Search Group, Superior Talent, and/or Pyxis.

(5) In all other respects, the Plaintiff's motion is **DENIED**.

(6) The Plaintiff shall post a nominal $1,000 cash bond no later than **May 11, 2023**.

(7) Should the Plaintiff wish to pursue a preliminary injunction, such motion should be filed no later than **May 17, 2023**.

(8) The Plaintiff shall serve this Order on all Defendants and their counsel, if known, by sending a copy to the email addresses and mailing addresses previously provided by the Defendants and shall provide a report to the Court no later than **May 12, 2023** regarding the efforts that have been made with respect to such service.

(9) This Order shall expire on **May 24, 2023 at 12:30 p.m.** unless further extended by this Court.

**IT IS SO ORDERED this the 10th day of May at 12:30 p.m.**

Signed: May 10, 2023

Martin Reidinger
Chief United States District Judge

7

Case 1:23-cv-00118-MR-WCM   Document 15   Filed 05/10/23   Page 7 of 7